**BEAL et al. v. UNITED STATES.**
Civil Action No. 1864.

District Court, N. D. Oklahoma.
July 23, 1947.

Conner, Winters, Lee & Randolph, by Roger S. Randolph, all of Tulsa, Okl., for plaintiff.

Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., for defendant.

BROADDUS, District Judge.

Upon the pleadings and the evidence introduced, the Court makes the following findings of fact and conclusions of law, to-wit:

Findings of Fact.

The facts, as stipulated under date of January 6, 1947, are approved.

Conclusions of Law.

1. Geo. F. S. Beal, G. W. Davies, Edwin B. Jones, Jr., L. D. Lacy and I. D. Rich are the Trustees for the stockholders of The Morris Plan Company of Oklahoma (hereinafter referred to as Company) and have power to maintain this action in their own names. Title 18 Okl. St. Ann. § 163.

2. The claims for refund of 1936 and 1937 undistributed profits surtax filed on October 14, 1943, were timely filed and suit thereon by the aforesaid Trustees was timely filed.

3. Section 26(c) of the Revenue Act of 1936, as amended by Section 501(a) (2) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, page 344, grants relief from the surtax on undistributed profits to corporations which had deficits in their accumulated earnings and profits. The ultimate right to refund under this Section depends upon state law. United States of America v. Ogilvie Hardware Company, Inc., 330 U. S. 709, 67 S.Ct. 997.

4. The 1930 stock dividend, in the amount it exceeded the Company's accumulated earnings and profits on hand as of December 31, 1930, was prohibited by the applicable Oklahoma law. Title 18 Okl. St. Ann. § 106; Article IX, Oklahoma Constitution, § 39; Fletcher, Cyclopedia Corporations, Vol. 11, Sec. 5361. As the accumulated earnings and profits then on hand were $26,416.69, the stock dividend was valid only for that amount and, therefore, as of December 31, 1930, there were no accumulated earnings and profits and there was no deficit.

5. Since operations of the Company during 1931-1935, inclusive, resulted in an aggregate net loss of $21,200.09, the deficit in accumulated earnings and profits as of December 31, 1935 for the purpose of Section 26(c) (3) of the 1936 Revenue Act as amended was $21,200.09.

6. Since operations of the Company during 1936 resulted in a net gain of $17,797.40, the deficit in accumulated earnings and profits as of December 31, 1936 for the purpose of Section 26(c) (3) of the 1936 Revenue Act as amended was $3,402.69.

7. The reserves for losses and for unearned discount did not affect the foregoing deficits. The reserve for losses was not charged against accumulated earnings and profits and, in any event, the use of such a reserve is in harmony with experience and approved accounting practice. Hoagland Corporation Finance, pp. 327, 328; Fletcher, Cyclopedia Corporations, Vol. 19, Sec. 9264; Noble-Karrenbrock-Simons, Advanced Accounting, pp. 90-92. The reserve for unearned discount was necessary in order to attribute interest to the time in which it was earned; until interest is earned, it is not income. Kester, Accounting Theory and Practice, Vol. 11, p. 417; Montgomery, Auditing Theory and Practice, p. 540. The accounting methods used in establishing these reserves are not contrary to any known Oklahoma rule and are in keeping with accounting practices

and, therefore, the judgment of the managing officers of the Company in this respect will not be disturbed.

8. The Company was prohibited by Oklahoma law from paying dividends during the existence of the foregoing deficits in accumulated earnings and profits. Title 18 Okl.St.Ann. § 106. This provision of Oklahoma law was in effect prior to May 1, 1936.

9. The Company, in computing its 1936 surtax on undistributed profits, is entitled to a credit of $21,200.09 under Section 26 (c) (3) of the Revenue Act of 1936 as amended.

10. The Company, in computing its 1937 surtax on undistributed profits, is entitled to a credit of $3,403.69 under Section 26(c) (3) of the Revenue Act of 1936 as amended.

11. The Plaintiffs are entitled to recover of and from the Defendant the following amounts of surtax on undistributed profits paid by the Company with respect to the following years:

| | |
|---|---|
| 1936 | $2,706 06 |
| 1937 | 750.82 |

together with interest thereon at the rate of six per cent (6%) per annum from the respective dates of payment of such amounts.

12. To all adverse findings of fact and conclusions of law the Defendant duly excepts, which exceptions are duly allowed.